UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BALTAZOR., INC. | CIVIL ACTION |
| VERSUS | NO: 06-5007 |
| FIDELITY NATIONAL INS. PROGRAM | SECTION: "S" (3) |

### ORDER AND REASONS

IT IS HEREBY ORDERED that the Motion for Summary Judgment (Doc. #18) by defendants, R. David Paulison, as Director of the Federal Emergency Management Agency ("Paulison") and Fidelity National Property & Casualty Insurance Company ("Fidelity")(collectively "defendants")[1] is GRANTED.

### BACKGROUND

Plaintiff's business, known as the Lakeside Vue Carre Shopping Center, located at 3250 Severn Avenue, in Metairie, Louisiana, sustained flood damage on or about August 29, 2005, as a result of Hurricane Katrina, and is seeking additional proceeds under a flood insurance policy. Fidelity, in its capacity as a Write-Your-Own ("WYO") program carrier participating in the U.S.

---

[1] On December 1, 2006, the court dismissed the Federal Emergency Management Agency ("FEMA") and the National Flood Insurance Program ("NFIP") for lack of jurisdiction.

Government's NFIP, issued a policy of flood insurance, Policy No. 177700082400, with $ 500,000.00 limits, to the plaintiff.[2]

On August 31, 2005, and in response to the disaster, David J. Maurstad, the Acting Federal Insurance Administrator of FEMA issued a Waiver of the Proof of Loss Requirement in the Standard Flood Insurance Policy ("SFIP Waiver"). The SFIP Waiver specifically provides in pertinent part:

> To expedite claims payments so that policyholders affected by these circumstances are not subject to undue hardship, I am waiving the requirement in VII.J.4 of the SFIP ... for the policy holder to file a proof of loss prior to receiving insurance proceeds. Instead, payment of the loss will be based on the evaluation of damage in the adjustor's report.   ...
>
> In the event a policyholder disagrees with the insurer's adjustment, settlement, or payment of the claim, a policyholder may submit to the insurer a proof of loss within one year from the date of the loss. The proof of loss must meet the requirements of VII.J.4 of the SFIP of the Dwelling or General Property Form . . . The insurer will then process the policyholder's proof of loss in its normal fashion. If the insurer rejects the proof of loss in whole or in part, the policyholder may file a lawsuit against the insurer within one year of the date of the written denial of all or part of the claim as provided in VII.R of the SFIP Dwelling or General Property Form .  ....

On September 14, 2005, the plaintiff submitted a notice of loss to Fidelity. Fidelity responded, and arranged for an independent adjustor for plaintiff's claim. Eventually, Fidelity paid to plaintiff about $ 339,393.12.[3] Subsequent to that payment, negotiations continued between the parties relative to the value of the unpaid portion of the claim. Because a settlement could not be reached, suit was filed in this court. In the Complaint, Plaintiff claims that Fidelity failed to pay plaintiff for all the damages resulting from the flooding, and failed properly to adjust plaintiff's

---

[2] NFIP is administered by FEMA under the National Flood Insurance Act ("NFIA"), 42 U.S.C. §4001 *et seq*.

[3] Plaintiff claims that Fidelity paid plaintiff $ 341,222.59.

2

claim, thereby breaching the insurance agreement. Alternatively, plaintiff argues that the defendants acted negligently in failing to follow proper procedure in reaching a settlement of plaintiff's claim and by failing properly to adjust the claim.

Defendants claim entitlement to summary judgment based on plaintiff's failure to meet all conditions prior to filing suit as is required by the policy. Specifically, through an affidavit from Deborah S. Price, a representative of Fidelity, defendants state that the plaintiff failed to provide documentation of the loss, and failed to provide a signed and sworn proof of loss claim, as per Articles VII(J)(3) and VII(J)(4), respectively.[4] Defendants further urge that as a result, plaintiff's

---

[4]Article VII(J)(3) and (4) provide as follows:

J. Requirements in Case of Loss In case of a flood loss to insured property, you must: . . .

> 3. Prepare an inventory of damaged property showing the quantity, description, actual cash value, and amount of loss. Attach all bills, receipts, and related documents;
>
> 4. Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:
>
>> a. The date and time of loss;
>> b. A brief explanation of how the loss happened;
>> c. Your interest (for example, "owner") and the interest, if any, of others in the damaged property;
>> d. Details of any other insurance that may cover the loss;
>> e. Changes in title or occupancy of the insured property during the term of the policy;
>> f. Specifications of damaged buildings and detailed repair estimates;
>> g. Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;
>> h. Details about who occupied any insured building at the time of loss and for what purpose; and
>> i. The inventory of damaged property described in J.3. above.

44 C.F.R. Pt. 61, App. A(1).

3

claims are barred pursuant to Article VII(R)[5] which provides that a claimant may not sue for further proceeds unless the claimant has complied with Article VII's requirements. Defendants argue that the SFIP Waiver did not relieve plaintiff of the Proof of Loss requirement and that the SFIP Waiver dispensed with the requirement only in those situations where in the insured was in agreement with the figure determined to be payable by the WYO carrier. Additionally, defendants argue that summary judgment is warranted as to plaintiff's state claims for breach of contract and negligent claims handling because such claims are preempted and barred by 42 U.S.C. §4019.[6]

Plaintiff argues that several questions of fact exist which preclude summary judgment. Plaintiff suggests that because Fidelity did not provide a NFIP Final Report or a reservation of rights letter to plaintiff after Fidelity's payment to plaintiff, plaintiff was led to believe that its claim remained open. Plaintiff also states that there is a dispute over the amount that Fidelity has paid to plaintiff. Finally, the plaintiff also submits that the SFIP Waiver precluded any requirement for plaintiff to submit a proof of loss.

---

[5]Article VII(R) states:

> Suit Against Us
>
> You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy. If you do sue, you must start the suit within one year of the date of the written denial of all or part of the claim, and you must file the suit in the United States District Court of the district in which the insured property was located at the time of loss. This requirement applies to any claim that you may have under this policy and to any dispute that you may have arising out of the handling of any claim under the policy.

[6]42 U.S.C.§4019 provides:

> The Director is authorized to prescribe regulations establishing the general method or methods by which proved and approved claims for losses may be adjusted and paid for any damage to or loss of property which is covered by flood insurance made available under the provisions of this chapter.

**ANALYSIS**

Summary judgment is appropriate if the pleadings, depositions, interrogatory answers and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[7] Although the court must consider the evidence with all reasonable inferences in the light most favorable to the non-moving party, the non-movant must produce specific facts to demonstrate that a genuine issue exists for trial.[8]

Specifically, the non-movant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue.[9] The mere existence of a scintilla of evidence in support of the non-movant's position is insufficient to defeat a properly supported motion for summary judgment.[10] Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment.[11] Further, if the opposing party bears the burden of proof at trial, the moving party does not have to submit an evidentiary document to support its motion, but need only point out the absence of evidence supporting the non-movant's case.[12]

---

[7] Fed.R.Civ.P. (56); *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2554-55 (1986).

[8] *Webb v. Cardiothoracic Surgery Associates of North Texas*, 139 F.3d 532, 536 (5th Cir.1998).

[9] *Id.*

[10] *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512.

[11] *Travelers Ins. Co. v. Liljeberg Enter., Inc.*, 7 F.3d 1203, 1207 (5th Cir.1993).

[12] *Saunders v. Michelin Tire Corp.*, 942 F.2d 299, 301 (5th Cir. 1991).

*Plaintiff's Proof of Loss Issues*

The NFIP was established by the National Flood Insurance Act ("NFIA"), 42 U.S.C. §§ 4001-4129 (2006), and is administered through the Federal Emergency Management Agency ("FEMA").[13] FEMA sets the terms and conditions of all federal flood insurance policies, and those polices must be issued in the form of a Standard Flood Insurance Policy ("SFIP").[14] SFIP provisions cannot "be altered, varied, or waived other than by the express written consent of the [Federal Insurance] Administrator" and must be strictly construed and enforced.[15]

Although SFIP proceeds can be issued by a WYO insurance provider directly to consumers, "[p]ayments on SFIP claims come ultimately from the federal treasury."[16] Because the federal treasury is implicated in the payment of flood claims, the provisions of an SFIP must be strictly construed and enforced.[17] Therefore, "[w]here federal funds are implicated, the person seeking those funds is obligated to familiarize himself with the legal requirements for receipt of such funds."[18]

---

[13] *Wright v. Allstate Ins. Co. (Wright I),* 415 F.3d 384, 386 (5th Cir.2005).

[14] 44 C.F.R. § 61.4(b); *Gowland v. Aetna,* 143 F.3d 951, 953 (5th Cir.1998).

[15] 44 C.F.R. § 61.13(d); *Wright I,* 415 F.3d at 387; *Gowland,* 143 F.3d at 953-54. *See also Forman v. FEMA*, 138 F.3d 543, 545 (5th Cir. 1998).

[16] *Wright I,* 415 F.3d at 386; *see Gowland,* 143 F.3d at 953. FEMA regulations for the NFIP provide that "loss payments" shall be payable from federal funds. 44 C.F.R. pt. 62, app. A, art. III(D)(2) ("Loss payments include payments as a result of litigation that arises under the scope of this Arrangement [between WYOs and the federal government], and the Authorities set forth herein."). "Under the Appropriations Clause of the Constitution, '[m]oney may be paid out only through an appropriation made by law; in other words, the payment of money from the Treasury must be authorized by a statute.'" *Wright I,* 415 F.3d at 387 *(quoting Office of Pers. Mgmt. v. Richmond,* 496 U.S. 414, 424, 110 S.Ct. 2465, 2471, 110 L.Ed.2d 387, 399 (1990)).

[17] *See also Forman v. FEMA*, 138 F.3d 543, 545 (5th Cir. 1998).

[18] *Wright I*, 415 F.3d at 388 (*citing Heckler v. Cmty. Health Servs. of Crawford County, Inc.,* 467 U.S. 51, 63, 104 S.Ct. 2218, 2226, 81 L.Ed.2d 42, 54 (1984)).

As to a flood loss to insured property, the SFIP requires that an insured follow Article VII(J)(3) and (4), which details the information that must be provided.[19]  The documentation must comply strictly with the SFIP for the insured to recover.[20]  "[N]ot even the temptations of a hard case will provide a basis for ordering recovery contrary to the terms of [a] regulation, for to do so would disregard the duty of all courts to observe the conditions defined by Congress for charging the public treasury."[21]

In this case, Plaintiff admitted that it did not provide Fidelity with a sworn proof of loss form; hence, plaintiff did not comply with Article VII(J)(4) of the flood policy.  Plaintiff states that the SFIP Waiver relieves him of that requirement; however, the court concludes otherwise.  The SFIP Waiver dispensed with the Proof of Loss requirement only when the insured is in agreement with the figure determined to be payable by the independent adjustor assigned by the WYO carrier.  Therefore, by failing to comply with the Proof of Loss requirement and the documentation requirement of Article VII(J) of the SFIP, any recovery by plaintiff is precluded under Article VII(R).[22]  Further, the court notes that the SFIP Waiver only extends the period to submit a proof of loss to a year from the date of the loss.  There is no evidence before the court to suggest that the plaintiff submitted such a proof of loss within the year from the date of loss.

---

[19]*See* footnote 4, *infra*.

[20]*See Gowland,* 143 F.3d at 954.

[21]*OPM v. Richmond*, 110 S.Ct. 2464, 2469 (1990)(internal quotes omitted).

[22]*See* footnote 5*, infra.  See also Forman*, 138 F.3d 543 (5th Cir. 1998)(because plaintiff's Proof of Loss, was inadequate as it failed to provide any sworn information; no genuine issues of material fact).

Plaintiff states, in conclusory fashion and without support, that Fidelity had the necessary information for a proof of loss, and that Fidelity is not prejudiced by plaintiff's failure to provide an executed proof of loss form. Even if Plaintiff had provided evidence of what it submitted to Fidelity to substantiate its loss, plaintiff's failure to submit a sworn proof of loss as is required by Article VII(J)(4) is fatal to its claim for additional flood proceeds.

Further, plaintiff argues that the defendants are estopped from asserting the proof of loss requirement as a defense because the plaintiff had given to Fidelity substantially the same information as required by the formal proof of loss form and that therefore, plaintiff's efforts in this regard should be deemed sufficient. As the Fifth Circuit noted in a similar case:

> Although the notice of loss provided by the [plaintiffs] gave some of the information required by the formal proof of loss statement, it is clear that giving notice and providing a sworn proof of loss statement are separate and distinct requirements of the policy. ... As the provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced, we hold that an insured' failure to provide a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim.[23]

Similarly, as to plaintiff's assertion that because the defendant's took steps which led the plaintiff to believe that its claim was being routinely processed after payment of some proceeds, no valid claim for estoppel exists against the government. "When federal funds are involved, the judiciary is powerless to uphold a claim of estoppel because such a holding would encroach upon the appropriation power granted to Congress by the Constitution."[24]

---

[23]*Gowland*, 143 F.3d at 954.

[24]*Gowland*, 143 F.3d at 955.

8

*Plaintiff's State Law and Federal Common Law Claims*

Plaintiff further claims that Fidelity failed properly to adjust plaintiff's claim, and acted negligently in failing to follow proper procedure in reaching a settlement of plaintiff's claim. Plaintiff is silent as to whether it is proceeding under state or federal law as to these claims.

In *Wright I*, the Fifth Circuit specifically held an insured's state law claims were preempted by NFIA in a suit brought by a flood insurance policyholder who sought additional proceeds for his flood damaged home as a result of Tropical Storm Allison.[25] Persuaded by several circuit decisions outside the jurisdiction, the Fifth Circuit noted:

> We join these circuits in holding that state law tort claims arising from claims handling by a WYO are preempted by federal law. . . . We note that the significance of this holding may have been pretermitted by FEMA regulation. In 2000, FEMA amended the language of SFIP policies to state: "this policy and all disputed arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968 . . . and Federal common law."[26]

On appeal after remand, the Fifth Circuit took up the issue of whether the plaintiff in *Wright* had claims under federal common law for fraud and negligent misrepresentation.[27] After an exhaustive analysis, the court concluded that the plaintiff had no federal common law right, either expressed or implied, to bring extracontractual claims against the insurer.

Thus, the court concludes that to the extent that Baltazor is attempting redress under state

---

[25] *Wright I*, 415 F.3d at 390.

[26] *Wright I*, 415 F.3d at 390.

[27] *Wright v. Allstate Insurance Co.*, 500 F.3d 390 (5th Cir. 2007), *cert. den.*, ___S.Ct. ___, 2008 WL 423617, 76 USLW 3324 (U.S. Feb. 19 2008)(*citing* 44 C.F.R. pt. 61, app. A(1), art. IX).

law, these claims are preempted by federal law, and that to the extent plaintiff is attempting redress under federal common law, no such federal common law right of action exists under the NFIA.

New Orleans, Louisiana, this __26th__ day of February, 2008.

_____
MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE